UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAURICE YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00475-LEW |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Maurice Young seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1; Signed Supplemental Petition, ECF No. 4.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Following the required review, I recommend the Court dismiss the petition without prejudice.

A petition for habeas relief from a state court judgment is governed by section 2254(a), which states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Rule 2 of the Rules Governing Section 2254 Cases sets forth the form requirements the petition must satisfy, including that it must "specify all the grounds for relief available to the petitioner;" it must "state the facts supporting each ground;" and it must "state the relief requested."

Petitioner evidently alleges he is in custody due to a contempt-of-court judgment issued by the state court during a criminal proceeding. (Petition at 1; Signed Supplemental Petition at 1.) Petitioner, however, does not allege any grounds for habeas relief; he does not state the facts in support of the petition; and he does not state the relief requested. Given that Petitioner has failed to allege any facts that would support a claim for habeas relief, the Court concludes that it plainly appears from the petition that Petitioner cannot demonstrate he is entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases. Accordingly, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. Unless Petitioner amends the petition within the time for objections to this recommended decision (14 days), I recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of February, 2019.